# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00128-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL HARRISON LOWMAN, JR. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Expert Report [Doc. 36].

The Defendant, through counsel, moves the Court for leave to file an Expert Report under seal in this case. For grounds, counsel states that the report includes sensitive doctor-patient information, which if made public, could endanger the Defendant. [Docs. 36].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is

allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. See id. at 491-92

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on December 31, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the report at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492. Here, the Defendant's Expert Report

contains the identities of and information regarding his family members, including detailed sensitive and private personal information regarding his spouse and childhood. The Expert Report also contains personal information regarding the Defendant's medical history, mental health treatment, and self-perceptions. However, the Defendant's medical history, mental health treatment, and self-perceptions are central to Defendant's arguments.

Here, the Defendant has demonstrated that the Expert Report contains detailed sensitive and private personal information regarding his spouse and childhood, and the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. However, the information regarding the Defendant's medical history, mental health treatment, and self-perceptions are central to the argument the Defendant presents in favor of the relief sought. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Expert Report, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Expert Report are feasible.

Accordingly, the Defendant's Motion to Seal Expert Report is granted in part and denied in part, and counsel shall be permitted to file the Expert

Report [Doc. 35] under seal. However, the Defendant shall also file a publicly accessible version of the Expert Report redacting only those portions containing detailed sensitive and private personal information regarding his spouse and childhood, which are found in the Expert Report at paragraphs two, three, and four on page 6. [<u>See</u> Doc. 35 at 6].

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Expert Report [Doc. 36] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal Expert Report is **GRANTED** to the extent that the Expert Report [Doc. 35] shall be filed under seal and shall remain under seal until further Order of the Court. The Defendant's Motion to Seal Expert Report [Doc. 36] is **DENIED** to the extent that the Defendant shall file a redacted version of the Expert Report on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**

Signed: January 2, 2019

Martin Reidinger
United States District Judge