# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00128-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL HARRISON LOWMAN, JR. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Sentncing [sic] Memorandum and Support Letters and Motion to Allow Letters/Memorandum to be Timely Considered. [Doc. 37].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum and Letters of Support under seal in this case. For grounds, counsel states that the memorandum and letters include private personal information that should be kept under seal to protect the Defendant and the authors of the letters. [Doc. 37].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. See id. at 491-92

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on December 31, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the memorandum at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are

rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492. Here, the Defendant's Memorandum and the accompanying letters of support reference the identities of and information regarding his family members and other pertinent individuals, including specific medical information concerning his grandmother. However, the nature of and information regarding those adult relationships are central to Defendant's arguments. The Memorandum and accompanying letters of support also contain personal information regarding the Defendant's background and personal history. But this, again, is central to Defendant's argument supporting a minimum sentence and should be accessible to the public.

Here, the Defendant has demonstrated that the Memorandum and letters of support contain specific medical information concerning his grandmother, and the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. However, the nature of and information regarding the relationships to the Defendant, as well as his background and personal history, are central to the argument the Defendant presents in favor of the relief sought. Therefore, the public's right to know the bases for the

actions of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Memorandum and accompanying letters of support, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Memorandum and accompanying letters of support are feasible.

Accordingly, the Defendant's Motion to Seal Sentncing [sic] Memorandum and Support Letters and Motion to Allow Letters/Memorandum to be Timely Considered is granted in part and denied in part, and counsel shall be permitted to file the Sentencing Memorandum and accompanying letters of support under seal. However, the Defendant shall also file a publicly accessible version of the Sentencing Memorandum and letters of support redacting only those portions containing the specific medical information concerning the Defendant's grandmother, which are found at lines 20 through 24 on page 4 in the accompanying letters of support. [See Doc. 38-1 at 4].

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Sentncing [sic] Memorandum and Support Letters and Motion to Allow Letters/Memorandum to be Timely Considered [Doc. 37] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal

4

[Doc. 37] is **GRANTED** to the extent that the Sentencing Memorandum and accompanying letters of support [Docs. 38, 38-1] shall be filed under seal and shall remain under seal until further Order of the Court. The Defendant's Motion to Seal [Doc. 37] is **DENIED** to the extent that the Defendant shall file a redacted version of the Sentencing Memorandum and accompanying letters of support on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**

Signed: January 2, 2019

Martin Reidinger
United States District Judge